**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

| | |
|---|---|
| JOHN BLYTHIN, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>) | Case No.: 13-cv-9248 |
| ) | **CLASS ACTION COMPLAINT** |
| Plaintiff, )<br> ) | |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| BLITT & GAINES, P.C., )<br> ) | |
| Defendant. )<br> ) | |

## INTRODUCTION

1.       This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.       The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant resides in this District.

## PARTIES

3.       Plaintiff John Blythin is an individual who resides in the Northern District of Illinois (Lake County).

4.       Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him, a debt allegedly incurred for personal, family or household purposes.

5.       Defendant Blitt & Gaines, P.C. ("Blitt") is a multi-state law firm with a principal place of business located at 661 Glenn Avenue, Wheeling, Illinois 60090. Blitt also has a Wisconsin office at 250 E. Wisconsin Avenue, 18th Floor, Milwaukee, Wisconsin 53202.

6. Blitt is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Blitt is a "debt collector" as defined in 15 U.S.C. § 1692a.

## FACTS

7. On or about September 27, 2013, Blitt mailed a debt collection letter to Plaintiff's PO Box in Cudahy, Wisconsin, regarding an alleged debt owed to "Discover Bank." A copy of this letter is attached as Exhibit A.

8. By using Exhibit A, Blitt was attempting to collect an alleged personal, non-business Discover credit card account.

9. Plaintiff disputes the alleged debt referenced in Exhibit A in its entirety.

10. Upon information and belief, Exhibit A was the first letter Blitt sent Plaintiff regarding the alleged debt to which the letter refers.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Exhibit A includes the signature of Jesse Ammerman ("Ammerman").

13. Upon information and belief, Ammerman is an associate attorney employed by Blitt.

14. According to Blitt's website, Ammerman is one of three attorneys at Blitt who are licensed to practice in Wisconsin. http://www.blittandgaines.com/attorneys.

15. A search of the Wisconsin Circuit Court Access ("CCAP") website reveals that Blitt's collection practice is a high-volume practice.

16. According to a CCAP search conducted on December 12, 2013, Ammerman appeared in 673 new cases in Wisconsin state courts in 2013 alone, with 100 cases filed in Milwaukee County alone.

2

17.     On December 12, 2013, a general CCAP search by Ammerman's State Bar ID number for cases filed where Ammerman represents one of the parties displayed 1,650 cases.

18.     According to the State Bar's website, Ammerman was admitted to practice in May 2011, so those 1,650 appearances are all within the last 32 months.

19.     Moreover, the number of class members who received the same form debt collection letters from Blitt exceeds the number of collection lawsuits that Blitt filed.

20.     Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Ammerman had not assessed the validity of the alleged debt to the standards required of an attorney.

21.      Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Ammerman had not reviewed any documentation underlying the alleged debt, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debt.

22.     Upon information and belief, it is the usual practice of large credit card companies to send a computer file with a batch of alleged accounts to the debt collector.

23.     Upon information and belief, this computer file contains only bare-bones information, including, and often limited to, the purported balance, the purported account number, and the alleged debtor's name, address and phone number.

24.     Upon information and belief, this computer file does not include any contract, payment history or any other documents establishing or evidencing any of the alleged debts included in the batch.

25.     Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Ammerman had not reviewed anything relating to Plaintiff's account. Instead, a computer or a

3

non-attorney assistant at Blitt either generated and signed the letters for Ammerman, or presented the letters to Ammerman to sign after a cursory review of the letter.

26.     Upon information and belief, at the time Exhibit A was mailed to Plaintiff, Ammerman, had not exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on a debt and a candidate for legal action, nor was Ammerman meaningfully involved in the decision to send Exhibit A to Plaintiff.

27.     Upon information and belief, it is the common practice of Ammerman and the other attorneys at Blitt to not make a "considered, professional judgment" that legal action is appropriate on an account until months after the dunning letters are mailed, after a complaint is prepared by the credit card company or the debt collector's non-attorney staff, if even then.

28.     In fact, Plaintiff's counsel is aware that large credit card companies regularly draft complaints and send them to attorneys for filing, while limiting and even prohibiting the attorneys from modifying the form complaints, and also without providing the evidence that the attorney would require to actually prove a breach of contract case. Creditors understand that the few consumers who fight a collection lawsuit are greatly outnumbered by the majority of consumers who default.

29.     Upon information and belief, Ammerman did not personally review each class member's collection letter in any meaningful sense, before the letter was mailed.

30.      Upon information and belief, Ammerman did not make an individualized assessment of the class member's circumstances or liability, before Exhibit A was mailed to each class member.

31.     The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

32.    The FDCPA specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

33.    The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

34.    The Seventh Circuit has held that an attorney who sends debt collection letters with his or her signature, without meaningfully reviewing each individual account and letter personally and "reach[ing] a considered, professional judgment that the debtor is delinquent and is a candidate for legal action", violates those sections of the FDCPA, 15 U.S.C. §§ 1692e(3) and 1692e(10). *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996); *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002).

## COUNT I – FDCPA

35.    Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36.    Ammerman's signature on Exhibit A creates the false impression that Ammerman had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit A itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

37.    Before mailing Exhibit A to Plaintiff and the class, Ammerman had no meaningful involvement with Plaintiff's or class members' alleged debts or the letters, as described in *Avila* and *Nielsen*. Ammerman's name is on the letter simply because he is licensed to practice in Wisconsin.

5

38.     Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10). *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635.

## CLASS ALLEGATIONS

39.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons with Wisconsin addresses (b) who were sent a collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after December 27, 2012, (e) that was not returned by the postal service.

40.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

41.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

42.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

43.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

45.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  December 27, 2013

**ADEMI & O'REILLY, LLP**

By:     /s/ David J. Syrios
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com